Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Rebecca R. Pallmeyer /RRP | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 3141 | **DATE** | July 7, 2011 |
| **CASE TITLE** | Shauntae Robertson (R-63300) v. Taylor, et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff has paid the filing fee. The Clerk is directed to docket pages 3 through 51 of Plaintiff's motion for preliminary injunction [7] as Plaintiff's first amended complaint. That first amended complaint is dismissed without prejudice, and Plaintiff has leave to file a second amended complaint within 30 days of this order. The Clerk is directed to send Plaintiff a copy of this order and an amended complaint form with instructions. Plaintiff's failure to comply with this order will result in dismissal of this case on the understanding that he does not wish to proceed with this action in federal court at this time. As no viable claim is presently on file, Plaintiff's motion for a preliminary injunction [7] is denied without prejudice.

■[For further details see text below.]

Docketing to mail notices.

# STATEMENT

Plaintiff, Shauntae Robertson, an inmate at Stateville Correctional Center, brings this *pro se* action. Plaintiff has paid the filing fee and has attached to his motion for preliminary injunction a proposed first amended complaint. The court reviews that first amended complaint under the standards set forth in 28 U.S.C. § 1915A.

Plaintiff alleges that he injured his knee while playing basketball on April 10, 2010. Medical Technician Wendy brought Plaintiff to the medical unit at Stateville by wheelchair. Although Dr. Zhang was at the medical unit, Dr. Zhang refused to treat Plaintiff. Wendy tried to "forcefully" put pressure on Plaintiff's leg, and Plaintiff told her this caused him "serious pain." Wendy refused to send Plaintiff for an x-ray and instead provided him with one crutch and some Tylenol. Plaintiff attempted to walk with one crutch but fell, and was then threatened by several unknown correctional officers and Wendy, warning him that if he refused to walk with one crutch, he would be kept in a holding bullpen until the next day. Following a shift change, Plaintiff was returned to his cell by wheelchair, but was not permitted to keep the wheelchair or crutch in his cell. Plaintiff was forced to crawl around his cell and did not receive any pain medication.

Plaintiff alleges, further, that he has been in severe pain since 2008 when an unknown dentist improperly removed a tooth, and has been denied further dental care for this dental issue.

Plaintiff names five Defendants: Wexford Health Services, Dr. Partha Ghosh, Dr. Zhang, CMT Wendy, and the unknown dentist (Jane Doe Dentist).

In *George v. Smith*, 507 F.3d 605 (7th Cir. 2007), the Seventh Circuit examined a prisoner complaint containing a laundry list of grievances. The Court of Appeals held that unrelated claims involving unrelated defendants must be brought in separate suits. *George*, 507 F.3d at 606-07. Because Plaintiff here has brought two distinct claims against unrelated Defendants – one claim against the four named-Defendants regarding the medical care for his knee, and one claim against an unknown dentist regarding dental care–the court concludes that Plaintiff must choose which of these claims he wishes to proceed with, and file another complaint for the remaining claim.

For the foregoing reasons, the Court dismisses the amended complaint on file without prejudice. Plaintiff is granted thirty days in which to file a second amended complaint. Plaintiff must write both the case number and the judge's name on the second amended complaint, sign it, and return it to the Prisoner Correspondent. As with every document filed with the court, Plaintiff must provide an extra copy for the judge; he must also submit a sufficient number of copies for service on each Defendant named in the second amended complaint.

Plaintiff is cautioned that an amended pleading supersedes the original and amended complaint and must stand complete on its own. Therefore, all allegations must be set forth in the second amended complaint, without reference to

## STATEMENT

the original or amended complaint. Any exhibits Plaintiff wants the court to consider in its threshold review of the second amended complaint must be attached, and each copy of the second amended complaint must include complete copies of any and all exhibits.

      Plaintiff also moves for a preliminary injunction seeking immediate medical attention for his knee. Because Plaintiff does not have viable complaint on file, the motion is denied without prejudice. *See Kiel v. City of Kenosha*, 236 F.3d 814, 815-16 (7th Cir. 2000) (a party seeking a preliminary injunction must demonstrate, in part, a reasonable likelihood of success on the merits of the underlying claim).