# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Rebecca R. Pallmeyer *RRP* | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 3141 | **DATE** | October 24, 2011 |
| **CASE TITLE** | Shauntae Robertson (R-63300) v. Taylor, et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff's second amended complaint [13] is accepted. The Clerk shall: (1) issue summonses for service of the second amended complaint [13] on Defendants Wexford Health Services, Dr. Zhang, and CMT Wendy; (2) terminate Defendants Partha Gosh and previously-named Jane Doe Dentist; and (3) send Plaintiff a Magistrate Judge Consent Form, Instructions for Submitting Documents, and a copy of this order. Plaintiff's motion for appointment of counsel [5] is denied without prejudice.

■[For further details see text below.]                Docketing to mail notices.

## STATEMENT

    Plaintiff, Shauntae Robertson, an inmate at Pontiac Correctional Center, brings this *pro se* action. Plaintiff has submitted his second amended complaint, naming as Defendants Wexford Health Services, Dr. Partha Ghosh, Dr. Zhang, and "Wendy," a medical technician at Stateville Correctional Center.

    Plaintiff alleges that he injured his knee at Stateville while playing basketball on April 10, 2010. Medical Technician Wendy brought Plaintiff to the medical unit at Stateville by wheelchair. Although Dr. Zhang was at the medical unit, Dr. Zhang refused to treat Plaintiff. Wendy use "forceful" pressure on Plaintiff's leg, causing him "serious pain." Despite Plaintiff's reports of pain, Wendy told Plaintiff that he was not going to be sent for an x-ray but would be given just one crutch and some Tylenol. Plaintiff attempted to walk with one crutch but fell. Wendy and several unknown correctional officers warned Plaintiff that if he did not try to walk with one crutch, he would be kept in a holding bullpen until the next day. Following a shift change, Plaintiff was taken back to his cell by wheelchair and was not permitted to keep the crutch in his cell. He was forced to hobble around in his cell and was denied pain medication. Plaintiff further alleges that there is a long standing practice by Dr. Zhang not to treat inmates' medical issues and delay medical attention.

    As the court reads these allegations, they make no claim against Dr. Partha Gosh, and any official capacity claim against Dr. Gosh would be duplicative of his claims against Wexford Health Services and Dr. Zhang. Dr. Gosh is dismissed from this action. The remaining Defendants must respond to the second amended complaint.

    The United States Marshals Service is appointed to serve Defendants. Any service forms necessary for Plaintiff to complete will be sent by the Marshal as appropriate to serve Defendants with process. The U.S. Marshal is directed to make all reasonable efforts to serve Defendants. With respect to any former employee who can no longer be found at the work address provided by Plaintiff, the Illinois Department of Corrections shall furnish the Marshal with Defendant's last-known address. The information shall be used only for purposes of effectuating service [or for proof of service, should a dispute arise] and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to Defendants in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service.

    Plaintiff is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. Plaintiff must provide the Court with the original plus a complete judge's copy, including any exhibits, of every document filed. In addition, Plaintiff must send an exact copy of any court filing to Defendants [or to defense counsel, once an attorney has entered an appearance on behalf of Defendants]. Every document filed with the

| STATEMENT |
|---|
| court must include a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the court or returned to Plaintiff.<br><br>      Plaintiff's motion for appointment of counsel is denied. Civil litigants do not have a constitutional or statutory right to counsel, *Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006), but the court may, in its discretion, "request an attorney to represent any person unable to afford counsel." *Gil v. Reed*, 381 F.3d 649, 656 (7th Cir. 2004) (citing 28 U.S.C. § 1915(e)(1)); *Luttrell v. Nickel*, 129 F.3d 933, 936 (7th Cir. 1997). At this stage, the court declines to appoint counsel. Plaintiff's claims do not appear to be so complex or intricate that he cannot proceed on his own, in light of the wide latitude the court grants *pro se* litigants. The motion for appointment of counsel is denied without prejudice. |
|  |